*Bock v. Northfield News Publishing LLC*, 739-12-16 Wncv (Teachout, J., Apr. 14, 2017)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                    **CIVIL DIVISION**
**Washington Unit**                                   **Docket No. 739-12-16 Wncv**

**GORDON BOCK**
    **Plaintiff**

    **v.**

**WILLIAM S. SMITH and**
**NORTHFIELD NEWS PUBLISHING LLC**
    **Defendants**

### DECISION
### Defendants' Motions to Strike

Plaintiff Gordon Bock has filed suit claiming defamation based on two representations in a letter to the editor of a newspaper. The letter was written by Defendant William Smith and published by Defendant Northfield News Publishing. In the letter, Mr. Smith opposed Mr. Bock's bid for election to the Vermont House of Representatives.[1]

Both defendants promptly filed special motions to strike the complaint pursuant to 12 V.S.A. § 1041, Vermont's anti-SLAPP (Strategic Lawsuit Against Public Participation) statute and requested statutory awards of attorney fees and costs. Discovery was stayed, 12 V.S.A. § 1041(c)(1), and a hearing was held on the motion on March 6, 2017, *id*. § 1041(d). The court now concludes as follows.

*The disputed letter to the editor*

On the day that Mr. Smith's letter ran in the Northfield newspaper, another letter critical of Mr. Bock was also published. It suggested that he was unfit for office due to his violent, criminal past. Below it was a response from Mr. Bock to the effect that he has learned from his past mistakes, regrets them, and now works for the public good. Mr. Smith's letter was placed below Mr. Bock's response.

In Mr. Smith's letter, he supports competing candidates and suggests that while Mr. Bock's unflattering past may be "ancient history," he remains unfit for office. Mr. Bock claims that two specific representations in Mr. Smith's letter are defamatory. They are: (1) "A previous Washington County State's Attorney told the Free Press that in 1992 Gordon had been kicked out of my alma mater, Vermont Law School, for cheating." (2) "But this year he has been removed from local businesses for disruptive behavior . . . ."

---

[1] Along with the defamation claim, Mr. Bock asks the court to order disciplinary counsel of the Professional Responsibility Program to investigate Mr. Smith, who is a licensed attorney. There is a separate process for addressing such requests. The court does not have a role in that process, and this portion of the suit will not be addressed by this court.

Mr. Bock appears to object to the first statement on the grounds that "kicked out" overstates what he claims happened. He does not assert that there was no cheating incident, no action taken by the school, or that the State's Attorney was not reported to have said that he was kicked out. He appears to object to the second statement based on nuances implied by the words "removed" and "disruptive." He does not state that the incidents referred to did not occur.

*The Anti-SLAPP Motion to Strike*

Vermont's anti-SLAPP statute is intended to provide protection against "lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and freedom to petition government for the redress of grievances." 2005, No. 134 (Adj. Sess.), § 1(1). The statute broadly protects:

> (1) any written or oral statement made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law;

> (2) any written or oral statement made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law;

> (3) any written or oral statement concerning an issue of public interest made in a public forum or a place open to the public; or

> (4) any other statement or conduct concerning a public issue or an issue of public interest which furthers the exercise of the constitutional right of freedom of speech or the constitutional right to petition the government for redress of grievances.

12 V.S.A. § 1041(i).

The statute authorizes a defendant who was sued due to, or in anticipation of, the exercise of those rights to file a special motion to strike the lawsuit at the outset of the case. 12 V.S.A. § 1041(a). If such a motion is filed and the preliminary requisites of applicability are met, then the burden shifts to the plaintiff to prove that:

> (A) the defendant's exercise of his or her right to freedom of speech and to petition was devoid of any reasonable factual support and any arguable basis in law; and

> (B) the defendant's acts caused actual injury to the plaintiff.

*Id*. § 1041(e)(1). If the plaintiff cannot make such a showing, the court grants the motion to strike and the defendant is entitled to attorney fees and costs. *Id*. § 1041(f)(1). If the motion was frivolous, the plaintiff is entitled to fees and costs. *Id*.

The disputed letter in this case plainly is a "written . . . statement concerning an issue of public interest made in a public forum": a letter to the editor of a local newspaper expressing support for and opposition to specific candidates for office. *Id.* § 1041(i)(3); see also *Felis v. Downs Rachlin Martin PLLC*, 2015 VT 129, ¶ 35, 200 Vt. 465 (holding that "the statute requires all actions to be 'in connection with a public issue'"). The motions thus fall within the proper scope of § 1041 and the question turns to whether Mr. Bock has demonstrated that the representations at issue are "devoid of any reasonable factual support and any arguable basis in law" and have caused him actual injury.

Mr. Bock filed no affidavit or other papers in opposition to the motions to strike. With his complaint, he attached a police report documenting an exchange between the Northfield police chief and Mr. Smith. At the hearing, Mr. Bock repeatedly asserted that the disputed representations are false and clarified that his proof that they are "devoid of any reasonable factual support" is the police chief's report attached to his complaint.

Mr. Bock represented at the hearing that Mr. Smith had consulted the police chief prior to submitting his letter to the editor so the chief could vet the factual allegations of the letter. According to Mr. Bock, the police chief told Mr. Smith that the removal allegations were false, advised him not to submit the letter, and told him that if he did he could be sued for defamation. According to Mr. Bock, Mr. Smith was well aware that his allegations were false but submitted the letter anyway.

The problem with this argument is that the police chief's report does not substantiate it. The report clearly explains that Mr. Smith approached the chief because he was worried about his personal safety if he submitted the letter, realizing that Mr. Bock would not appreciate it. Mr. Smith did not consult him to corroborate the facts. The chief opined that Mr. Bock can be abnormally loud and demonstrative but does not present a risk of violence "outside of his intimate circle." The chief also explained that, to the extent Mr. Smith may have thought that certain incidents involved Mr. Bock acting violently (these were the incidents that Mr. Smith referred to as Mr. Bock being removed from local businesses for disruptive behavior), they generally did not involve violence. Mr. Smith did not allege in the letter that the incidents involved violence. The police chief did not write in his report that Mr. Bock was *not* removed from local businesses. The police chief did write in his report that the letter might cause a lawsuit "as anyone can file a complaint with the court for anything." The report itself does not support Mr. Bock's representation of it at the hearing.

With regard to the statement of Mr. Bock being "kicked out" of law school, Mr. Bock did not show that the State's Attorney in fact had not been reported to have said that. He further disputed that "kicked out" is the most accurate way to portray what happened. He did not show, however, that the assertion completely lacked any reasonable support.

Mr. Bock had the burden of demonstrating that the disputed representations are "devoid of any reasonable factual support." He has not done so. What he has done is attempt to portray the occurrences referred to in a different light, but he has not shown that reasonable factual

3

support for the statements is lacking. The motions to strike thus must be granted.

Mr. Smith, in support of his motion to strike, affirmatively came forward with "reasonable factual support" to show that his representations were not devoid of such support. The court has reviewed that evidence and agrees that it is sufficient to satisfy the statutory requirement for reasonable factual support. The court declines to reiterate all that evidence here as the burden was on Mr. Bock to prove the absence of that support—it was not up to Mr. Smith to prove supporting facts. Mr. Bock did not meet his burden.

Because the first of the two requirements is not met, there is no need to address Defendants' argument that Mr. Bock would be unable to show any actual injury.

## ORDER

Because the motions to strike are granted, the complaint is hereby stricken.

Defendants are entitled to an award of attorney fees and costs. *Id*. § 1041(f)(1). Defendants shall have 15 days to submit a request for reasonable attorneys' fees, supported by specific time and billing records. Plaintiff shall then have 15 days to file any objections to the reasonableness of the fees requested.

Dated at Montpelier, Vermont this ____ day of April 2017.

_____
Mary Miles Teachout
Superior Judge

4